**DUANE MORRIS LLP**
By:     Anthony J. Costantini
        Suzan Jo
        Kevin P. Potere
1540 Broadway
New York, NY 10036-4086
Telephone: +1 212 692 1000
Fax: +1 212 692 1020
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

|  |  |  |
|---|---|---|
| TRINITY INVESTMENTS LIMITED, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 1:15- cv-09982 (TPG) |
| | : | |
| THE REPUBLIC OF ARGENTINA, | : | |
| Defendant. | : | |
|  | : | |

---

## MEMORANDUM OF LAW IN SUPPORT OF MOTION
## FOR PARTIAL SUMMARY JUDGMENT AND SPECIFIC PERFORMANCE

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."),

Plaintiff Trinity Investments Limited ("Trinity" or "Plaintiff")  respectfully moves for partial

summary judgment on its claim that the Republic of Argentina ("Argentina") violated its

contract with Trinity when it subordinated the rank of Trinity's bonds to bonds issued to those

who participated in the 2005 and 2010 Exchange Offers (the "Exchange Bondholders") and

when it made payments to the Exchange Bondholders and passed prohibitive legislation while

refusing to make any payments to Trinity.  Pursuant to Rule 65(d) of the Fed. R. Civ. P., Plaintiff

also respectfully moves for equitable relief in the form of an order of specific performance

requiring Argentina to make ratable payments to Plaintiff any time that it makes, or attempts to

make, payments to Exchange Bondholders.

The relief sought here is perfectly consistent with the relief recently awarded by this

Court to Trinity in *Trinity Investments Limited v. Republic of Argentina*, 14-cv-10016 (TPG)

(S.D.N.Y. June 5, 2015), ECF No. 17, *Trinity Investments Limited v. Republic of Argentina*, 15-

cv-1588 (TPG) (S.D.N.Y. June 5, 2015), ECF No. 21, *Trinity Investments Limited v. Republic of*

*Argentina*, 15-cv-2611 (TPG) (S.D.N.Y. Oct. 22, 2015), ECF No. 22, *Trinity Investments*

*Limited v. Republic of Argentina*, 15-cv-5886 (TPG) (S.D.N.Y. Oct. 22, 2015), ECF No. 25,

*Trinity Investment, Limited v. Republic of Argentina*, 14-cv-10016 (TPG) (S.D.N.Y. Oct. 30,

2015), ECF No. 25, *Trinity Investments Limited v. Republic of Argentina*, 15-cv-1588 (TPG)

(S.D.N.Y. Oct. 30, 2015), ECF No. 29; *Trinity Investments Limited v. Republic of Argentina*, 15-

cv-2611 (TPG) (S.D.N.Y. Oct. 30, 2015), ECF No. 23; and *Trinity Investments Limited v.*

*Republic of Argentina*, 15-cv-5886 (TPG) (S.D.N.Y. Oct. 30, 2015), ECF No. 26.

## ARGUMENT

### I.    PLAINTIFF IS ENTITLED
TO SUMMARY JUDGMENT

The movant, which is a non-judgment creditor, is making the present motion only with

respect to bonds issued pursuant to the Fiscal Agency Agreement dated October 19,

1994("FAA"), the same agreement that was the subject of the Court's prior decisions in *NML*

*Capital, Ltd. v. Republic of Argentina*, 08 Civ. 6978 (TPG), 09 Civ. 1707 (TPG), 09 Civ. 1708

(TPG) (S.D.N.Y.), affirmed by the Second Circuit in *NML Capital, Ltd. v. Republic of*

*Argentina*, 699 F.3d 246 (2d Cir. 2012), *cert. denied*, 134 S. Ct. 201 (2013) and *NML Capital,*

*Ltd. v. Republic of Argentina*, 727 F.3d 230 (2d Cir. 2013), *cert. denied*, 134 S. Ct. 2819 (2014).

In support of its Motion for Partial Summary Judgment, Plaintiff relies in part upon the Opinion and Order of this Court dated June 5, 2015 (the "June 5 Order") in *NML Capital, Ltd. v. Republic of Argentina,* 14 Civ. 8601 (TPG) (S.D.N.Y.), ECF No. 20, which granted NML Capital, Ltd.'s motion for partial summary judgment, along with the motions for partial summary judgment of non-judgment creditors who also own 1994 FAA bonds.  June 5 Order at 15 n.2.

The Court in *NML Capital, Ltd.* held that Argentina violated and continues to violate the Pari Passu Clause of the 1994 FAA (i) when it made payments between 2005 and 2014 to the Exchange Bondholders without making payments to FAA bondholders such as Plaintiff, (ii) "when it passed at least four discrete pieces of legislation to avoid paying on the FAA bonds," and (iii) when, each year since 2002, it included in its budget a moratorium against making payments on the FAA bonds.  June 5 Order at 24-25.  The Republic continued its violation when, "from 2014 through 2015, after the Amended Injunction in the Lead Cases took effect, the Republic made three illegal transfers to financial intermediaries in an attempt to pay on the Exchange Bonds without also paying on the FAA bonds," and when "the Republic has attempted to remove the indenture trustee of the Exchange Bonds and to replace it with an Argentine entity in an attempt to continue making payments on the Exchange Bonds without making payments on the FAA bonds." *Id.*

As a result of Argentina's "entire and continuing course of conduct" in breach of the Pari Passu Clause, the Court held that "[t]he motions for partial summary judgment are hereby granted.  It is hereby declared, adjudged, and decreed that the Republic has violated, and continues to violate, Paragraph (1)(c) of the 1994 Fiscal Agency Agreement." *Id.* at 26. Trinity similarly seeks that its motion for partial summary judgment be granted on its claim that Argentina violated its contract with Trinity under the 1994 FAA when it engaged in the actions

described above. This Court recently awarded Trinity similar relief in *Trinity Investments Limited v. Republic of Argentina*, 14-cv-10016 (TPG) (S.D.N.Y. June 5, 2015), ECF No. 17, *Trinity Investments Limited v. Republic of Argentina*, 15-cv-1588 (TPG) (S.D.N.Y. June 5, 2015), ECF No. 21, *Trinity Investments Limited v. Republic of Argentina*, 15-cv-2611 (TPG) (S.D.N.Y. Oct. 22, 2015), ECF No. 22, and *Trinity Investments Limited v. Republic of Argentina*, 15-cv-5886 (TPG) (S.D.N.Y. Oct. 22, 2015), ECF No. 25.

Plaintiff also relies upon the arguments set forth in Section I of the Memorandum of Law in Support of the Motion by NML Capital, Ltd. for Partial Summary Judgment at 16-27, *NML Capital, Ltd. v. Republic of Argentina*, 14 Civ. 8601 (TPG) (S.D.N.Y. Feb. 3, 2015), ECF No. 7, Memorandum of Law in Support of Motion for Partial Summary Judgment, *Trinity Investments Limited v. Republic of Argentina*, 15-cv-5886 (TPG) (S.D.N.Y. Aug. 13, 2015), ECF No. 10, and Declaration of Anthony J. Costantini, *Trinity Investments Limited v. Republic of Argentina*, 15-cv-5886 (TPG) (S.D.N.Y. Aug. 13, 2015), ECF No. 11, which are incorporated herein by reference, and the accompanying Declaration of Anthony J. Costantini in Support of Motion for Summary Judgment and Specific Performance, dated January 4, 2016.

## II.   PLAINTIFF IS ENTITLED TO SPECIFIC PERFORMANCE

Plaintiff also seeks specific performance requiring ratable payments by Argentina whenever it makes payments on bonds issued by Argentina in 2005 and 2010 ("Exchange Bonds") to holders of the Exchange Bonds ("Exchange Bondholders"). Absent such an order, Plaintiff would be irreparably harmed because, as this Court has previously recognized with respect to similarly situated bondholders, Plaintiff "would remain debased of [its] contractually-guaranteed status, and [Plaintiff] would never be restored to the position [it was] promised that [it] would hold relative to other creditors in the event of default." Amended February 23, 2012

4

Order at 2, *NML Capital, Ltd. v. Republic of Argentina*, 1:08-cv-6978 (TPG) (S.D.N.Y. Nov. 21, 2012), ECF No. 425 ("Amended February 23, 2012 Order").

In addition, Plaintiff has no adequate remedy at law since Argentina continues to make clear its intention to defy any judgment issued by this court. In the June 5 Order, as set forth above, this Court specifically held that Argentina violated and continues to violate the Pari Passu Clause. June 5 Order at 24-25.

Moreover, the balance of equities strongly favor granting specific performance. As this Court has previously held, "[t]he balance of the equities strongly supports [equitable relief] in light of the clear text of [the Pari Passu Clause] and the Republic's repeated failures to make required payments to [bondholders similar to Plaintiff]. In the absence of the equitable relief provided by this Order, the Republic will continue to violate [the Pari Passu Clause] with impunity, thus subjecting [bondholders similar to Plaintiff] to harm." Amended February 23, 2012 Order at 3. This Court extended its Order to other plaintiffs, including this Plaintiff, on October 30, 2015. *See Trinity Investments Limited v. Republic of Argentina*, 14-cv-10016 (TPG) (S.D.N.Y. Oct. 30, 2015), ECF No. 25, *Trinity Investments Limited v. Republic of Argentina*, 15-cv-1588 (TPG) (S.D.N.Y. Oct. 30, 2015), ECF No. 29; *Trinity Investments Limited v. Republic of Argentina*, 15-cv-2611 (TPG) (S.D.N.Y. Oct. 30, 2015), ECF No. 23; and *Trinity Investments Limited v. Republic of Argentina*, 15-cv-5886 (TPG) (S.D.N.Y. Oct. 30, 2015), ECF No. 26.

Finally, the public interest of enforcing contracts and upholding the rule of law would be served by granting specific performance in the instant matter. *Id.* at 4.

In further support of its motion for specific performance, Plaintiff relies upon the arguments set forth in the Memorandum of Law in Support of the Motion by NML Capital, Ltd. for Specific Performance, *NML Capital, Ltd. v. Republic of Argentina*, 14-cv-8601 (TPG)

(S.D.N.Y. August 14, 2015), ECF No. 26, the Declaration of Robert A. Cohen in Support of Motion by NML Capital, Ltd. for Specific Performance, *NML Capital, Ltd. v. Republic of Argentina*, 14-cv-8601 (TPG) (S.D.N.Y. August 14, 2015), ECF No. 27, and Memorandum of Law in Support of Motion for Specific Performance, *Trinity Investments Limited v. Republic of Argentina*, 15-cv-5886 (TPG) (S.D.N.Y. Aug. 26, 2015), ECF No. 14, which are incorporated by reference herein.

## CONCLUSION

Based on the forgoing, the Court should grant Plaintiff's motion for partial summary judgment as to Argentina's violations of the Pari Passu Clause and grant Plaintiff's motion for specific performance.

Dated: New York, New York
        January 4, 2016

**DUANE MORRIS LLP**

By: _____
Anthony J. Costantini
E-mail: ajcostantini@duanemorris.com
Suzan Jo
E-mail: sjo@duanemorris.com
Kevin P. Potere
Email: kppotere@duanemorris.com
1540 Broadway
New York, NY 10036-4086
Telephone: +1 212 692 1000
Facsimile: +1 212 692 1020

*Attorneys for Plaintiff Trinity Investments Limited*