UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
TRINITY INVESTMENTS LIMITED,                  :
                                              :
                        Plaintiff,                   :
                                              :  1:15-cv-09982 (TPG)
              v.                                  :
                                              :
THE REPUBLIC OF ARGENTINA,                    :
                                              :
                        Defendant.                   :
------------------------------------------------------------------------X


**MEMORANDUM OF LAW OF THE REPUBLIC OF ARGENTINA IN OPPOSITION TO PLAINTIFF'S "ME TOO" MOTION SEEKING PARTIAL SUMMARY JUDGMENT AND SPECIFIC PERFORMANCE**

       Defendant the Republic of Argentina (the "Republic") submits this memorandum of law in opposition to plaintiff's motion for partial summary judgment and specific performance, dated January 4, 2016, seeking an injunction purportedly enforcing its *pari passu* rights in connection with its purported holdings of more than $3.8 million in principal of outstanding Republic debt.

       As an initial matter, plaintiff's motion should be rejected as premature. Under the Foreign Sovereign Immunities Act ("FSIA"), 22 U.S.C. § 1608(d), the Republic has 60 days after service to serve its answer or other responsive pleading. That period expires on February 22, 2016. There is no basis for requiring the Republic to respond to a motion for partial summary judgment and specific performance sooner than the minimum time period for a responsive pleading set out in the FSIA.

       While Federal Rule 56(b), which governs the timing of summary judgment motions, does not state an exact date on which a plaintiff may first file such a motion, courts have consistently held that they may not be filed until the non-moving party has had an

opportunity to respond to the complaint.  *See Frederick v. Capital One Bank (USA), N.A.*, No. 14-CV-5460 (AJN), 2015 WL 5521769, at *12 (S.D.N.Y. Sept. 17, 2015) (denying plaintiff's motions for judgment on the pleadings and summary judgment, finding that such motions were premature because defendants had not yet answered); *Helios Int'l S.A.R.L. v. Cantamessa USA, Inc.*, 23 F. Supp. 3d 173, 189 (S.D.N.Y. 2014) ("[C]ourts have denied pre-answer motions for summary judgment that seek a premature adjudication of a claim notwithstanding any technical compliance with the timing provisions of Rule 56."); *Cusamano v. Alexander*, 691 F. Supp. 2d 312, 321 (N.D.N.Y. 2009) ("Plaintiff's cross-motion for summary judgment is premature because defendants have yet to file an answer to the amended complaint."); *Cole v. Fischer*, No. 08-CV-699, 2009 WL 2258341, at *2 (W.D.N.Y. July 29, 2009) (denying summary judgment motion because, *inter alia*, answer had not been filed).

This line of authority is consistent with the Rule 56 commentary, which states that "in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading." Fed. R. Civ. P. 56 advisory committee's note, subdivision (b) (2010).  To the extent that the commentary suggests that some cases may warrant the filing of premature summary judgment motions, courts have made clear that there is no reason that that exception should extend to FSIA actions against foreign sovereigns.  *Silver Star Enters., Inc. v. M/V SARAMACCA*, Civ. A. Nos. 92-1297, 92-2802, 92-3077, 1992 WL 348420, at *2 (E.D. La. Nov. 18, 1992) (If Rule 56 "were strictly applied in the context of a suit against a foreign state, summary judgment could be filed . . . and decided before the time to answer had expired; in effect, a *de facto* default judgment.  This would run afoul of the FSIA's cautious view of default judgments."), *aff'd sub nom.*, *Silver Star Enters., Inc. v. Suriname*, 55 F.3d 633 (5th Cir. 1995).

The Republic is now subject to injunctions compelling it to make a lump sum "ratable payment" to more than 500 creditors of over $6.15 billion, in addition to the $1.76 billion already subject to the existing injunctions. *See* Order, *NML Capital, Ltd. v. Republic of Argentina*, No. 14 Civ. 8601 (TPG) (S.D.N.Y. Oct. 30, 2015), ECF No. 37, *appeal pending* No. 15 Civ. 3675 (2d Cir.).  These injunctions have had their intended effect of blocking contractually owed interest payments on $28 billion of restructured Republic indebtedness as they require the Republic to pay approximately *$8 billion* to holdout creditors any time it makes a payment of principal or interest to holders of the Exchange Bonds.  Furthermore, since the entry of the additional injunctions on October 30, briefing has completed in four actions in which plaintiffs have demanded *pari passu* relief on more than $90 million in principal amount of 1994 FAA bonds.  Those requests are currently pending before the Court.

Plaintiff here asks that its claims for more than $3.8 million in principal be added to this mountain.  So as not to burden the Court with repetitive briefing, and to preserve all arguments for any future appellate review, the Republic incorporates the arguments set forth in its Memorandum of Law in Opposition to Motions by 526 Plaintiffs in 37 Actions Seeking Partial Summary Judgment and its Memorandum of Law in Opposition to Motions in 45 Actions Seeking Specific Performance, attached as Exhibits A-B to the Declaration of Elizabeth C. Block.  For the reasons set forth there, and incorporated here, the Republic continues to oppose the requested relief.  Plaintiff's motion here would only exacerbate the injustice that has already been done, both to the Republic and to the Exchange Bondholders, and should be denied.

Under these circumstances, the best course of action would be for the Court to delay ruling on this and the other pending "me too" motions[1] until the resolution of the Republic's appeal of the October 30 order.

Dated: New York, New York
January 22, 2016

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____/s/ Lawrence Friedman_____
Lawrence B. Friedman (lfriedman@cgsh.com)
Howard S. Zelbo (hzelbo@cgsh.com)

One Liberty Plaza
New York, New York 10006
(212) 225-2000

*Attorneys for the Republic of Argentina*

---

[1] In addition to this motion, other plaintiffs have pending before the Court motions for specific performance and/or partial summary judgment. *See, e.g.*, *Yellow Crane Holdings, LLC v. Republic of Argentina*, No. 14 Civ. 5675 (TPG) (S.D.N.Y.) (specific performance); *Procella Holdings, L.P. v. Republic of Argentina*, No. 15 Civ. 8393 (TPG) (S.D.N.Y.) (partial summary judgment and specific performance).